**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Martin McGhee, et al., | No. CV-17-8152 PCT DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Judge Elaine Fridlund-Horne, et al., | |
| Defendants. | |

Plaintiff Joseph Martin McGhee has filed an amended complaint against Judge Elaine Fridlund-Horne, the Coconino County Superior Court, the State of Arizona, and the County of Coconino. Doc. 12. The allegations appear to be virtually identical to the allegations contained in Plaintiff's original complaint, which was dismissed on August 1, 2017. Doc. 11.

**I.     Legal Standard.**

In IFP proceedings, a district court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief can be granted[.]" 28 U.S.C. § 1915(e)(2). While much of § 1915 concerns prisoner litigation, § 1915(e) applies to all IFP proceedings. *Lopez v. Smith*, 203 F.3d 1122, 1126 n. 7 (9th Cir. 2000) (en banc). "Section 1915(e)(2)(B)(ii) . . . allows a district court to dismiss[] sua sponte . . . a complaint that fails to state a claim[.]" *Id*. at 1130. "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id*. at 1127. A district court dismissing under this

section "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1127-29 (citations omitted).

## II. Analysis.

Plaintiff's complaint concerns a state-court custody proceeding regarding Plaintiff's son, over which Defendant Fridlund-Horne is presiding. The complaint identifies numerous actions and rulings by the judge that Plaintiff regards as improper and biased. Plaintiff seeks declaratory and injunctive relief, presumably to set aside the rulings of Judge Fridlund-Horne. The complaint sets forth no claims against the other Defendants; they presumably are sued because of their connection to Judge Fridlund-Horne and the state custody case.

The Court understands why Plaintiff may have frustrations and strong feelings regarding a custody proceeding concerning his son, but judges acting in their judicial capacity are protected from civil lawsuits by absolute immunity under both federal and Arizona law. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Acevedo v. Pima Cnty. Adult Prob. Dep't*, 690 P.2d 38, 40 (Ariz. 1984). "[Judicial] immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity." *Mireles*, 502 U.S. at 11. "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* at 12. "[J]udicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Id.* at 11 (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)).

The actions at issue in this case clearly are judicial actions taken in Defendant Fridlund-Horne's judicial capacity, and Plaintiff makes no claim that the judge is acting in the absence of jurisdiction. The claims against the remaining Defendants also appear to be based on the allegedly improper actions of Judge Fridlund-Horne.

In addition to judicial immunity, the Supreme Court has held that federal courts lack subject matter jurisdiction over domestic relations cases "involving the issuance of a divorce, alimony, or child custody decree." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); *see also In re Burrus*, 136 U.S. 586, 593-94 (1890) ("The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States.").

**III.    Conclusion.**

Plaintiff's two complaints have made clear that he seeks to sue a state court judge for actions taken in that judge's official capacity, and that he seeks to involve this Court in the state child custody matter. This claim is barred by judicial immunity and a lack of federal court jurisdiction. Because these defects could not possibly be cured by amendment, the Court will dismiss this case without leave to amend.

**IT IS ORDERED** that Plaintiff's amended complaint (Doc. 12) is dismissed. The Clerk shall terminate this matter. Further amendments will not be permitted.

Dated this 30th day of November, 2017.

_____
David G. Campbell
United States District Judge